UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT,<br>1900 E Street NW<br>OPIM/FOIA Room 5H35<br>Washington, DC 20415<br><br>U.S. OFFICE OF SPECIAL COUNSEL,<br>1730 M Street NW<br>Washington, DC 20036<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>and<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536,<br><br>*Defendants.* | Case No. 24-3485 |

# COMPLAINT

1. Plaintiff American Oversight brings this action against four federal agencies under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and requests for public records under FOIA, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Office of Personnel Management (OPM) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, DC. OPM has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Office of Special Counsel (OSC) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, DC. OSC has possession, custody, and control of records that American Oversight seeks.

8. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

9. Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS, which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE is headquartered in Washington, DC. ICE has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

10. On October 28 and 29, 2024, American Oversight submitted FOIA requests to multiple government agencies seeking the following:

> All records reflecting any delegation of any statutory or regulatory authority to any official or employee within your agency.
>
> Please provide all responsive records that were or are in effect at any time from January 20, 2021, through the date a search is conducted, regardless of when they were created or implemented.

*OPM Delegations FOIA*

11.     On October 28, 2024, American Oversight submitted a FOIA request to OPM (internal tracking number OPM-24-1679) seeking the records described in paragraph 12 above.

12.     On October 31, 2024, OPM acknowledged receipt of the request and assigned the request tracking number 25-OGC-0170-F.

13.     American Oversight has received no further communication from OPM regarding its FOIA request.

*OSC Delegations FOIA*

14.     On October 28, 2024, American Oversight submitted a FOIA request to OSC (internal tracking number OSC-24-1678) seeking the records described in paragraph 12 above.

15.     On October 28, 2024, OSC acknowledged receipt of the request and assigned the request tracking number FOIA-2025-009.

16.     American Oversight has received no further communication from OSC regarding its FOIA request.

*ICE Delegations FOIA*

17.     On October 29, 2024, American Oversight submitted a FOIA request to ICE (internal tracking number ICE-24-1686) seeking the records described in paragraph 12 above.

18.     On October 30, 2024, ICE acknowledged receipt of the request, assigned the request tracking number 2025-ICFO-04069, and stated that ICE would invoke a 10-day extension for the request.

19.     American Oversight has received no further communication from ICE regarding its FOIA request.

*Exhaustion of Administrative Remedies*

20. As of the date of this Complaint, the Defendants have failed to either (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

21. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has exhausted its administrative remedies and now seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

22. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of Defendants.

24. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

25. Defendants have failed to promptly and adequately search for records responsive to American Oversight's FOIA requests.

26. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

27. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of Defendants.

30. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

31. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

32. Defendants' failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  December 13, 2024                     Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*