UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>　　　　　　*Plaintiff,*<br>　v.<br>OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>　　　　　　*Defendants.* | Civil Action No. 24-3485 (RDM) |

**ANSWER**

Defendants, the Office of Personnel Management ("OPM"), the Office of Special Counsel ("OSC"), the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE" and, together with OPM, OSC, and DHS, "Defendants"), by and through undersigned counsel, respectfully submits the following answer to Plaintiff American Oversight's Complaint filed in this action arising under the Freedom of Information Act ("FOIA") (ECF No. 1).

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendants respond to the separately numbered paragraphs and request for relief in the Complaint as follows:

1. Defendants admit that this action arises under the FOIA.

**JURISDICTION AND VENUE**[1]

2. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

3. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) for a properly stated FOIA claim.

4. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

**PARTIES**

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. The allegations in Paragraph 6 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant OPM admits that OPM is an

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. Defendant OPM responds further that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

7. The allegations in Paragraph 7 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant OSC admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and denies that it has possession and control of all records American Oversight seeks.

8. The allegations in Paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, DHS admits that it is an agency for purposes of FOIA and otherwise denies the allegations in this paragraph.

9. The allegations in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE admits that it is a component of the Department of Homeland Security, admits that it is an agency for purposes of FOIA and that Plaintiff seeks records from ICE, and otherwise denies the allegations.

## STATEMENT OF FACTS

10. Defendants admit that Plaintiff submitted FOIA requests to OPM, OSC, and ICE in October 2024. To the extent that the allegations in this paragraph seek to characterize Plaintiff's FOIA requests, Defendants respectfully refer the Court to those requests as the best evidence of their contents and deny all allegations inconsistent therewith.

11. Defendant OPM admits that Plaintiff submitted a FOIA request to OPM on October 28, 2024, and respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

12. Admit.

13. Deny. Defendant OPM sent an initial response to Plaintiff on December 20, 2024, fully responding to the FOIA request at issue. Defendant OPM avers further that the response consisted of 84 unredacted pages.

14. Defendant OSC admits that it received Plaintiff's FOIA request on October 28, 2024. To the extent that the allegations in this paragraph seek to characterize Plaintiff's FOIA request to Defendant OSC, Defendant OSC respectfully refers the Court to that request as the best evidence of its contents and denies all allegations inconsistent therewith.

15. Defendant OSC admits that it acknowledged receiving Plaintiff's FOIA request on October 28, 2024. To the extent that the allegations in this paragraph seek to characterize Defendant OSC's acknowledgement, Defendant OSC respectfully refers the Court to that document as the best evidence of its contents and denies all allegations inconsistent therewith.

16. Defendant OSC denies the allegations in Paragraph 16. Defendant OSC avers that it further communicated with Plaintiff on December 17, 2024, and is continuing to communicate with Plaintiff.

17. Defendant ICE admits that it received a FOIA request, dated October 29, 2024, that is the subject of this litigation. To the extent that Paragraph 17 is deemed to allege facts related to the Plaintiff's FOIA request to which a response is required, Defendant ICE respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

18. Defendant ICE admits that it responded to the FOIA request assigned ICE FOIA Case Number 2025-ICFO-40469, on October 30, 2024, by email. Defendant ICE respectfully refers the Court to that email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Defendant ICE admits that as of the filing of the Complaint, no other response was provided by ICE after its initial response noted in Paragraph 18.

20. The allegations contained in Paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

21. The allegations contained in Paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

22. Defendants incorporate by reference its responses set forth above.

23. The allegations contained in Paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

24. The allegations contained in Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they are agencies within the meaning of FOIA and otherwise deny.

25. The allegations contained in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

26. The allegations contained in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

27. The allegations in Paragraph 27 constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT II

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

28. Defendants incorporate by reference its responses set forth above.

29. The allegations contained in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

30. The allegations contained in Paragraph 30 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

31. The allegations contained in Paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

32. The allegations contained in Paragraph 32 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants OPM and OSC admit that they did not, respectively, reach a determination regarding Plaintiff's FOIA requests within twenty business days of receipt and otherwise deny the allegations in this paragraph; Defendant ICE invoked a ten-day extension of this time period and admits that it did not reach a determination regarding Plaintiff's FOIA request within thirty business days of receipt, and otherwise denies the allegations in this paragraph.

33.     The allegations in Paragraph 33 constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PRAYER FOR RELIEF

The allegations following the "Wherefore" clause of Plaintiff's Complaint constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA and the Privacy Act. *See* 5 U.S.C. § 552(b); 5 U.S.C. § 552a.

## THIRD DEFENSE

Plaintiff is not entitled to or eligible for attorney's fees or costs.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

**FIFTH DEFENSE**

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

Plaintiff's FOIA requests do not reasonably describe the records sought, and therefore do not comply with the FOIA and/or do not trigger a search or production obligation.

Dated: February 10, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Sian Jones
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2578

*Attorneys for the United States of America*